1  JOSHUA E. KIRSCH (179110)
   TYLER J. KIRSCH (332666)
2  GIBSON ROBB & LINDH LLP
   1255 Powell Street
3  Emeryville, California 94608
   Telephone:  (415) 348-6000
4  Facsimile:  (415) 348-6001
   Email:      jkirsch@gibsonrobb.com
5              tkirsch@gibsonrobb.com

6  Attorneys for Plaintiff
   THE CONTINENTAL INSURANCE COMPANY
7

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

| THE CONTINENTAL INSURANCE COMPANY, | Case No. 2:22-cv-02293 |
|---|---|
| Plaintiff, | **COMPLAINT FOR NON-DELIVERY OF OCEAN CARGO** |
| v. | ($73,244.80) |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., a corporation; EXPEDITORS INTERNATIONAL OCEAN, an entity of unknown form; and DOE ONE through DOE TEN, | |
| Defendants. | |

Plaintiff's complaint follows:

1.   Plaintiff THE CONTINENTAL INSURANCE COMPANY ("Plaintiff") is now, and at all times herein material was, a corporation, duly organized and existing by virtue of law.

/ / /

/ / /

---

COMPLAINT FOR NON-DELIVERY OF OCEAN CARGO
Case No. 2:22-cv-02293; Our File No. 5479.28

2. Plaintiff is informed and believes that defendants EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., a corporation, and EXPEDITORS INTERNATIONAL OCEAN, an entity of unknown form (collectively "EXPEDITORS") are now and at all times material hereto were engaged in business as non-vessel owning common carriers for hire within the United States and within this judicial district. The true names of defendants sued herein as DOE ONE through DOE TEN, each of whom is or may be responsible for the events and matters herein referred to, and each of whom caused or may have caused or contributed to the damage herein complained of, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend its complaint to show the true names of said defendants when the same have been ascertained. All allegations against the named defendants are also made against DOES ONE through TEN.

3. Plaintiff's Complaint contains a cause of action for damage to cargo arising under a statute of the United States, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701, *et seq.*, and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

4. Additionally, the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. This is a cause of action for damage to ocean cargo and is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b).

6. On or about February 2, 2021 at Xiamen, China, defendants and their agents and subcontractors received a shipment of 793 cartons of cleaning supplies for carriage under EXPEDITORS bill of lading no. 63E1162299 and others, issued by and/or on behalf of EXPEDITORS. Defendants, under contracts of carriage and in return for good and valuable consideration, agreed to carry said cargo from Xiamen, China, via the Port of Los Angeles, California, to Charlotte, North Carolina, and there deliver said cargo to the lawful holder of the bills of lading, and others, in the same good order, condition, and quantity as when received.

7. Thereafter, in breach of and in violation of said agreements, defendants did not deliver said cargo in the same good order, condition, and quantity as when received. To the contrary, some of the cargo was never delivered. The total value of the cargo lost was $73,744.80.

8. Prior to the shipment described above, and prior to any loss thereto, Plaintiff issued its policy of insurance whereby Plaintiff agreed to indemnify the owner of the cargo, and its assigns, against loss of or damage to the cargo while in transit, including mitigation expenses, and Plaintiff has therefore become obligated to pay, and has paid, to the person entitled to payment under said policy, the sum of $73,244.80, which is the value of the lost cargo on account of the loss described above, net of a $500 deductible.

9. Plaintiff has therefore been damaged in the sum of $73,244.80, or another amount according to proof at trial, no part of which has been paid, despite demand therefor.

NOW THEREFORE, Plaintiff prays for judgment against defendants in the total amount of not less than $73,244.80, plus pre-judgment interest, and such further and other amounts as may be proven at the time of trial, together with costs of suit and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

Dated: April 5, 2022          GIBSON ROBB & LINDH LLP


/s/ TYLER J. KIRSCH
Tyler J. Kirsch
tkirsch@gibsonrobb.com
Attorneys for Plaintiff
THE CONTINENTAL INSURANCE COMPANY